UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

# CIVIL MINUTES - GENERAL

| Case No. | CV 08-07899 DSF (JTLx) | Date | 1/7/09 |
|---|---|---|---|
| Title | KGV Easy Leasing, Inc. v. NHIC Corporation, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**  (In Chambers) Order Remanding Action to State Court

On November 6, 2008, Plaintiff KGV Easy Leasing, Inc. ("KGV") filed the First Amended Complaint ("FAC") in the Superior Court of the County of Los Angeles. On December 1, 2008, Defendants removed the case to federal court.

The Court finds that it lacks removal jurisdiction over this suit. The Court lacks subject matter jurisdiction for the following reason. 42 U.S.C. § 405(h) provides that "[n]o action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under [the Medicare Act]." This provision applies to claims against a fiscal intermediary such as Defendant NHIC Corp.  Bodimetric Health Servs., Inc. v. Aetna Life & Cas., 903 F.2d 480, 488 (7th Cir. 1990).
A claim arises under the Act when: (1) "both the standing and the substantive basis for the presentation" is the Act or (2) the claim is "inextricably intertwined" with a claim for Medicare benefits. Heckler v. Ringer, 466 U.S. 602, 614-15 (1984). A claim is "inextricably intertwined" with a Medicare claim when the claim seeks recovery of Medicare benefits or when the harm plaintiffs suffer from incorrect application of the Act can be remedied by provisions within the Act. Ardary v. Aetna Health Plans of California, Inc., 98 F.3d 496, 500 (9th Cir. 1996). Claims arise under the Act where, at bottom, they seek to recover benefits under the Act. Id. All of KGV's claims at bottom seek recovery of benefits under the Medicare Act. Therefore, the Court lacks subject

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA          JS - 6

## CIVIL MINUTES - GENERAL

matter jurisdiction over this suit.[1]

As the Court lacks jurisdiction over this suit, it remands the case to the Superior Court of California, County of Los Angeles. 28 U.S.C. § 1447(c) states that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." See Albingia Versicherungs A.G. v. Schenker Int'l Inc., 344 F.3d 931, 938 (9th Cir. 2003) (Section 1447(c) "means that if it is discovered at any time in the litigation that there is no federal jurisdiction, a removed case must be remanded to the state court rather than dismissed.") (amended on other grounds). The "point of § 1447(c) is that a federal court does not have the authority to dismiss a claim over which it never had jurisdiction in the first instance." Smith v. Wisconsin Dept. of Agriculture, Trade and Consumer Protection, 23 F.3d 1134, 1139 n.10 (7th Cir. 1994).

IT IS SO ORDERED.

---

[1] In its Order dated November 3, 2008, the Court noted that it lacked subject matter jurisdiction over a complaint filed by KGV (Case No. CV 08-6374 DSF (RZx)) that was substantively similar to the current First Amended Complaint.

Defendants removed the present case to this Court claiming that the Court had federal question jurisdiction. Yet Defendants now move to dismiss the First Amended Complaint on the grounds that the Court lacks subject matter jurisdiction.

Further attempts by Defendants to remove to this Court complaints that are substantively similar to the First Amended Complaint will result in sanctions.

If they wish, Defendants may move the Superior Court to dismiss the First Amended Complaint.